# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 06-CR-70-LRR |
| vs. | **ORDER** |
| BRIAN HEMPHILL, | |
| Defendant. | |

_____

### *TABLE OF CONTENTS*

*I.*   *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*II.*   *PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III.*   *FACTUAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*IV.*   *LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
    *A.*   *The Parties' Arguments* . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
    *B.*   *The Rules* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
        *1.*   *Joinder under Rule 8(a)* . . . . . . . . . . . . . . . . . . . . . . *5*
        *2.*   *Severance pursuant to Rule 14(a)* . . . . . . . . . . . . . . . . *9*

*V.*   *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *11*

## I. INTRODUCTION

The matter before the court is Defendant Brian Hemphill's Motion for Severance of Counts ("Motion") (docket no. 20).

## II. PROCEDURAL HISTORY

On May 25, 2006, Defendant was charged in a six-count indictment. On June 2, 2006, Defendant's case was scheduled for a July 31, 2006 trial. On July 6, 2006, Defendant filed the instant Motion. On July 11, 2006, the government filed its resistance.

On July 13, 2006, Defendant was charged in a five-count superceding indictment. Count 1 of the superceding indictment charges Defendant with being a four-time felon and a marijuana user in possession of a loaded shotgun on September 13, 2004, in violation of 18 U.S.C. § 922(g)(1) and (g)(3). It alleges that Defendant's prior felonies include robbery, kidnapping, aggravated rape and robbery with a deadly weapon.

Counts 2, 3, 4 and 5 of the superceding indictment charge Defendant with controlled substance offenses. Counts 2, 3 and 4 charge that Defendant did knowingly and intentionally distribute cocaine base on February 23, 2005, March 2, 2005, and March 30, 2005, respectively, each in violation of 21 U.S.C. § 841(a)(1). Count 5 charges that Defendant did knowingly and intentionally possess with intent to distribute cocaine base on November 8, 2005, in violation of 21 U.S.C. § 841(a)(1).

## III. FACTUAL BACKGROUND

On September 13, 2004, a search warrant was executed at Defendant's residence at 545 Tenth Street, SW, Cedar Rapids, Iowa. The warrant was issued based upon a tip that Defendant was probably selling controlled substances and upon a search of the trash from the residence (i.e., "a trash rip") in which officers found drug paraphernalia and marijuana stems.

During the search of Defendant's residence, officers discovered a loaded, pistol-grip shotgun with no shoulder stock under Defendant's bed. They also found drug paraphernalia, Defendant's documents and a shotgun shell. In addition, officers found drugs in another individual's purse. That person was subsequently charged for the drug possession. At the time officers executed the search warrant, Defendant admitted he knew the firearm was in the residence.

On February 23, 2005, March 2, 2005, and March 30, 2005, a confidential informant purchased cocaine base from Defendant. Before February 23, 2005, the confidential informant had also purchased cocaine base from Defendant. The government has not presented any details regarding these other transactions between Defendant and the confidential informant. The court is left to speculate as to the type of drug involved, the dates the transactions occurred and the places where they occurred.

In April of 2005, officers interviewed an individual who had purchased controlled substances from Defendant on over 250 different occasions. The individual claims that about seventy-five percent of the purchases involved $100 quantities of cocaine base. Again, the government has not presented information as to when or where these transactions occurred.

On November 8, 2005, there was an outstanding warrant for Defendant's arrest. Officers went to Defendant's residence at 1243 Fourth Street NW, Cedar Rapids, Iowa, and attempted to arrest Defendant. Defendant ran from the officers when they approached him. Officers saw Defendant take something from his front pocket and place it in his mouth while they were chasing him. When officers caught Defendant and arrested him, they discovered 4.91 grams of cocaine base in Defendant's mouth.

## IV.  LEGAL ANALYSIS

### A.  *The Parties' Arguments*[1]

Defendant argues that joinder of Count 1 ("firearm charge") with Counts 2, 3, 4 and 5 ("drug charges") is improper under Federal Rule of Criminal Procedure 8(a).  He argues that the firearm charge is not the same or similar to the drug charges, and they are not based on the same act or transaction.  Defendant further argues that there is no common scheme or plan because the firearm charge involves marijuana and the drug charges involve cocaine base.

Alternatively, Defendant argues that, even if the court finds joinder is proper under Rule 8(a), it should still sever the firearm count from the drug counts pursuant to Federal Rule of Criminal Procedure 14(a) because joinder would prejudice Defendant.  He argues that the failure to sever the firearm count will cause substantial prejudice to him because evidence of the firearm would not be admissible if the drug charges were tried alone and evidence regarding the drug trafficking would not be admissible in a trial involving only the firearm charge.

In response, the government argues that Rule 8 joinder is proper and Rule 14 severance is inappropriate.  The government contends that the facts underlying all of the charges involve a common scheme or plan for the following reasons: (1) officers were executing a narcotics search warrant on Defendant's residence in September of 2004 when they found the loaded firearm; (2) one of Defendant's cocaine base customers made over

---

[1]  The parties' arguments were based upon the May 25, 2006 six-count indictment. Defendant is now charged with precisely the same crimes in the superceding indictment, but the original Counts 1 and 2 are combined (presumably the government elected to seek a superceding indictment due to *United States v. Richardson*, 439 F.3d 421 (8th Cir. 2006)) into the new Count 1 of the superceding indictment.  The court has sua sponte amended the parties' arguments, given the change in the superceding indictment.

4

250 purchases from him prior to April of 2005; (3) the firearm charge and drug charges are only separated by five months; (4) the confidential informant had purchased drugs from Defendant prior to the date of the first controlled transaction; and (5) firearms are tools of the drug trade.

### B. The Rules

#### 1. *Joinder under Rule 8(a)*

Federal Rule of Criminal Procedure 8(a) provides:

> **Joinder of Offenses.** The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a) (emphasis in original). The government only argues that the offenses are part of a common scheme or plan.

The court should interpret Rule 8(a) broadly "for the efficient administration of justice." *United States v. Little Dog*, 398 F.3d 1032, 1037 (8th Cir. 2005). Offenses are properly joined if they are "factually interrelated." *See United States v. Rock*, 282 F.3d 548, 552 (8th Cir. 2002) (determining that the witness tampering charge and the felon-in-possession charge were "properly joined because they were factually interrelated"). In order for joinder to be proper,

> [t]he offenses should have occurred over a short period of time, and the evidence should overlap. *United States v. Shearer*, 606 F.2d 819, 820 (8th Cir. 1979). The evidence from each offense should be admissible in a separate trial for the other offenses. *United States v. Dennis*, 625 F.2d 782, 802 (8th Cir. 1980); *United States v. Bowman*, 602 F.2d 160, 163 (8th Cir. 1979).

5

*United States v. Valentine*, 984 F.2d 906, 910 (8th Cir. 1993). The Eighth Circuit Court of Appeals has determined that, when narcotics-related charges and weapons-related charges "are connected temporally and logically[,] they are reasonably joined." *United States v. Boyd*, 180 F.3d 967, 982 (8th Cir. 1999).

The court is mindful of the well recognized fact that drug dealing and firearms often co-exist. *See United States v. Caballero*, 420 F.3d 819, 821 (8th Cir. 2005) ("Evidence of firearms possession is admissible and relevant as 'tools in the drug trade' in circumstantially proving involvement in drug trafficking." (citing *United States v. Dierling*, 131 F.3d 722, 732 (8th Cir. 1997)); *United States v. Milham*, 590 F.2d 717, 721 (8th Cir. 1979) (citing other circuit courts of appeal and noting "that substantial dealers in narcotics keep firearms on their premises as tools of the trade almost to the same extent as they keep scales, glassine bags, cutting equipment and other narcotics equipment"). A pistol-grip shotgun, like the one Defendant allegedly possessed, is especially strong circumstantial evidence of other criminal activity. *Cf. United States v. Allegree*, 175 F.3d 648, 651 (8th Cir. 1999) (explaining that sawed-off shotguns are "inherently dangerous and lack usefulness except for violent and criminal purposes").

The court finds that the firearm offense and the drug offenses occurred over a relatively "short period of time." *Valentine*, 984 F.2d at 910. The Eighth Circuit Court of Appeals has upheld joinder in cases involving time gaps much larger than the five months that separates the September 13, 2004 search and the February 23, 2005 controlled transaction. *See United States v. Tyndall*, 263 F.3d 848, 850 (8th Cir. 2001) (holding that the district court did not abuse its discretion in refusing to sever the charges where the events underlying the charges occurred one year apart); *United States v. Robaina*, 39 F.3d 858, 861 (8th Cir. 1994) ("The six-month time period between the offenses in the present case does not violate the 'relatively short period of time'

factor . . . ."); *United States v. Lindsey*, 782 F.2d 116, 117 (8th Cir. 1986) (upholding denial of severance motion where the charges were separated by seventeen months); *United States v. Rodgers*, 732 F.2d 625, 629 (8th Cir. 1984) (approving joinder of counts involving a twenty-month gap); *United States v. Hastings*, 577 F.2d 38, 40 (8th Cir. 1978) (approving a two-year gap and holding that counts were properly joined because "each offense related to the distribution or manufacture of counterfeit [money] by [the defendant] in southeast Missouri during a two year period").

Despite the relatively short separation in time, the court finds that, from both the face of the superceding indictment and the facts provided by the parties,[2] the charged offenses are not factually interrelated. *Cf. Rock*, 282 F.3d at 552 (finding the witness tampering and felon in possession of a firearm offenses were factually interrelated and properly joined where the defendant was alleged to have tampered with the witnesses to avoid prosecution on the firearm charge). Officers certainly found evidence of drug *use* on and around the date they discovered the firearm in Defendant's residence; they found drug paraphernalia in the residence, some marijuana in another occupant's purse, and, a trash rip conducted prior to September 13, 2004, revealed drug paraphernalia and marijuana stems. There was not, however, evidence of drug trafficking in the residence on September 13, 2004. There was no cocaine base, drug trafficking tools (such as scales, cooking utensils, baggies or cutting agents), cash or other evidence of drug trafficking found in Defendant's residence.

---

[2] In the *en banc* opinion of *United States v. Grey Bear*, 863 F.2d 572 (8th Cir. 1988), five judges agreed that under Rule 8(b), or the rule pertaining to joinder of defendants, an indictment must "reveal[] a valid basis for joinder on its face." *Id.* at 582. Five other judges stated that the propriety of joinder is not limited to the face of an indictment. *Id.* at 584-85.

The government has not made a convincing argument that either the uncharged transactions involving the confidential informant or the other customer are factually interrelated to the firearm charge. The government has neither pointed to evidence that the customer or confidential informant purchased drugs from Defendant at the residence where the firearm was found, nor has it pointed to evidence regarding the period of time that these individuals allegedly purchased drugs from Defendant. As indicated above, the court is left to speculate. Therefore, based upon the facts presented by the government, the court cannot find a factual interrelationship between the firearm charge and the drug charges.

Moreover, the evidence from each offense is not admissible in a separate trial for the other offense. *Dennis*, 625 F.2d at 802. If the firearm charge were tried alone, the court finds that evidence of Defendant's drug dealing would be inadmissible against Defendant.[3] Based upon the facts the government presented in its resistance, evidence of Defendant's subsequent drug dealing would not be admissible in a trial involving only the firearm charge because its probative value would be substantially outweighed by the danger of unfair prejudice and confusion of the issues. *See* Fed. R. Evid. 403.

---

[3] The drug paraphernalia found in Defendant's residence during the search on September 13, 2004, might be relevant and admissible in a case involving only the firearm charge. *See, e.g.*, *United States v. Fuller*, 887 F.2d 144 (8th Cir. 1989) (noting that evidence of drug paraphernalia was admissible in a case charging the defendant with being a felon in possession of a firearm and of possessing an unregistered firearm for the purposes of impeaching a witness and showing defendant's motive). *But see United States v. Conrad*, 320 F.3d 851, 858 (8th Cir. 2003) (noting that "[the Eighth Circuit Court of Appeals has] serious reservations about whether the possession of drug paraphernalia without evidence of drug trafficking is admissible to show possession of an illegal weapon").

Similarly, evidence of Defendant's four prior felony convictions would not be admissible in the trial involving only the drug charges, unless Defendant chose to testify. *See* Fed. R. Evid. 404 and 609. Even then, Defendant's prior convictions may not be admissible because Defendant was convicted in 1984. *See* Fed. R. Evid. 609(b) (explaining ten-year time limit). In order to prove one of the elements of the firearm charge, the government must present evidence to the jury of Defendant's prior felony convictions. *See* Eighth Cir. Manual of Model Criminal Jury Instructions § 6.18.922 (2005) (providing that element one of a felon-in-possession charge is that "the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year"). Therefore, evidence of Defendant's prior convictions would not be admissible against him in a trial involving only the drug charges. *Dennis*, 625 F.2d at 802.

The court finds that the firearm offense and the drug offenses are not factually related and the evidence from each offense would not be admissible in a separate trial for the other offense. Therefore, joinder of Count 1 and Counts 2, 3, 4 and 5 pursuant to Rule 8(a) is inappropriate because the offenses are not part of a common scheme or plan.

### 2.   *Severance pursuant to Rule 14(a)*

Even if the court found that joinder was proper pursuant to Rule 8(a), it would sever the firearm count from the drug counts pursuant to Federal Rule of Criminal Procedure 14(a). That rule provides:

> **Relief.**   If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a) (emphasis in original). "The presumption against severing properly joined cases is strong . . . ." *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir.

9

2005) (citing *United States v. Delpit*, 94 F.3d 1134, 1143 (8th Cir. 1996).

The Eighth Circuit Court of Appeals has discussed Rule 14(a):

> Prejudice may result from a possibility that the jury might use evidence of one crime to infer guilt on the other or that the jury might cumulate the evidence to find guilt if the crimes were considered separately. On the other hand, a defendant does not suffer any undue prejudice by a joint trial if the evidence is such that one crime would be probative and admissible at the defendant's separate trial of the other crime.

*United States v. Davis*, 103 F.3d 660, 676 (8th Cir. 1996). "Severe prejudice occurs when a defendant is deprived of an appreciable chance for an acquittal, a chance that [the defendant] would have had in a severed trial." *United States v. Koskela*, 86 F.3d 122, 126 (8th Cir. 1996). Prejudice can be lessened by jury instructions which instruct the jury to consider each count and the evidence pertaining to each count separately. *See United States v. Lawson*, 173 F.3d 666, 671 (8th Cir. 1999) (affirming district court's denial of defendant's severance motion where he was charged with four counts of being a felon in possession and noting that the jury was instructed to consider each count separately).

For the reasons stated in Section IV.B.1 herein, the court finds that jury instructions would not cure the high risk of prejudice resulting from a combined trial. If the offenses are tried together, the jury will hear highly prejudicial evidence which is only relevant and admissible on Count 1, namely, that Defendant is a convicted felon[4] and that he possessed

---

[4] This assumes Defendant has not agreed to stipulate to his status as a felon. If Defendant does not stipulate to this fact, the government may present even more prejudicial evidence, namely, the nature of Defendant's prior convictions. *See United States v. Cunningham*, 133 F.3d 1070, 1075 (8th Cir. 1998) (explaining that *Old Chief v. United States*, 519 U.S. 172 (1997), "held that a district court abuses its discretion when it rejects a defendant's offer to stipulate his status as a felon under a Section 922(g)(1)
(continued…)

a pistol-grip shotgun. The label "convicted felon" carries significant stigma in our society. As such, the admission of such evidence in a combined trial is highly prejudicial to Defendant. Likewise, evidence regarding Defendant's drug trafficking activities would be highly prejudicial in a trial on the firearm charge.

Therefore, the court shall sever Count 1 from Counts 2, 3, 4 and 5 pursuant to Rule 14(a).

## *V. CONCLUSION*

For the foregoing reasons, it is **ORDERED**:

(1) Defendant's Motion for Severance of Counts (docket no. 20) is **GRANTED**;

(2) Count 1 of the superceding indictment (docket no. 30) shall be **TRIED SEPARATELY** from Counts 2, 3, 4 and 5 of the superceding indictment; and

---

⁴(…continued)
offense and instead admits the full record of a prior judgment of conviction, if evidence concerning the name or nature of the prior conviction increases the risk of a verdict tainted by improper considerations").

11

(3) The period between the filing of Defendant's Motion and this Order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the prompt disposition of the motion); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**IT IS SO ORDERED.**

**DATED** this 20th day of July, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA